IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Anthony Cunningham,** | ) | CASE NO. 1:23 CV 1403 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Magistrate Kira Sandra Krivosh,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Introduction**

*Pro se* Plaintiff Anthony Cunningham has filed a complaint in this case under 42 U.S.C. § 1983 against Cuyahoga County Juvenile Court Magistrate Kira Sandra Krivosh. (Doc. No. 1.) Although his specific claims are not clear, plaintiff's complaint pertains to a state juvenile court case. He contends a decision made by Magistrate Krivosh with respect to his child support obligations, that was adopted by the judge in a juvenile court case, had no legal basis and violates his rights. He seeks damages, and for a state child support order to be vacated and his money returned.

Magistrate Krivosh filed a Motion to Dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 3.) She contends plaintiff's complaint fails to set forth the elements of any viable claim, and even if it did, his claims challenging her state-court child support determination are barred by *res judicata*, the *Rooker-Feldman* doctrine, and absolute judicial immunity. Plaintiff has opposed the Magistrate's Motion to Dismiss and filed

his own, one-paragraph Motion for Summary Judgment. (Doc. No. 7.)

**Standard of Review and Discussion**

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief may be granted. To survive a dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted).

Upon review, the Court agrees with Magistrate Krivosh that plaintiff's complaint fails to state a plausible federal claim upon which this Court may grant him relief and warrants dismissal under Fed. R. Civ. P. 12(b)(6).

First, plaintiff's purported federal claims, whatever they are, challenge a judicial determination made by the Magistrate in a state juvenile court proceeding. The Magistrate,

however, is a judicial officer entitled to absolute judicial immunity with respect to any claims for money damages challenging her child support determination. *See Murphy v. Northwestern School Dist.*, No. 5:12 CV 2429, 2013 WL 1500816, at *6 (N.D. Ohio Apr. 9, 2013) (judicial officers are entitled to absolute immunity with respect to their judicial orders pertaining to custody and child support).

Second, to the extent plaintiff seeks to challenge his child support obligations as determined in a state juvenile court case, or to have state child support orders reversed or vacated, his claims are barred by *res judicata* and the *Rooker-Feldman* doctrine.

*Res judicata* precludes a party from bringing a federal civil rights action to re-litigate matters that already have been decided in a state-court proceeding. *Allen v. McCurry*, 449 U.S. 90, 96-97 (1980). Under *res judicata*, a final judgment on the merits of an action precludes the parties from re-litigating issues that were or could have been raised in that action. *Id*. at 94. Plaintiff's claims are barred by *res judicata* because his child support obligations have been determined by a state court, and there is no suggestion in his pleadings that he could not have raised any federal concerns he had in the context of the state proceeding.

Further, under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction over claims challenging state-court decisions because only the Supreme Court has jurisdiction to review such decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In other words, *Rooker-Feldman* precludes federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Plaintiff's complaint on its face purports to assert claims seeking to overturn and vacate a state juvenile court child support determination. Such claims are barred by *Rooker-Feldman*. *See Johnson v. Cuyahoga Cnty. CSEA*, No. 1:21 CV 517, 2021 WL 2826068 (N. D. Ohio July 7, 2021) (dismissing *pro se* action challenging state court orders requiring the plaintiff to pay child support and garnishment of his disability wages on the basis of *res judicata* and *Rooker-Feldman*).

Accordingly, for all of the foregoing reasons and those stated by Magistrate Krivosh in her Motion, plaintiff's complaint fails to state a plausible claim upon which this Court may grant him relief and warrants dismissal under Fed. R. Civ. P. 12.

Additionally, plaintiff's Motion for Summary Judgment lacks merit is denied. Summary judgment is warranted in a civil case only where the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp., v. Catrett*, 477 U.S. 317, 322-23 (1986). Plaintiff's Motion for Summary fails to make this showing. Plaintiff simply states, in purely conclusory fashion and without citation to any law or facts, that "there is no evidence that [his] right[s] were not violated." (Doc. No. 7 at 2.)

### Conclusion

Based on the foregoing, Magistrate Krivosh's Motion to Dismiss plaintiff's complaint (Doc. No. 3) is granted, plaintiff's Motion for Summary Judgment (Doc. No. 7) is denied, and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               /s/ Donald C. Nugent
                                               DONALD C. NUGENT
Dated: November 6, 2023                   UNITED STATES DISTRICT JUDGE